# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

S.P. PLAZA, LC,
5219 McPherson Road
Suite 300
Laredo, Texas  78041

      Plaintiff,

vs.

UNITED STATES GENERAL SERVICES
ADMINISTRATION,

**Serve:**

    Civil Process Clerk
    Office of the United States Attorney for the
    District of Columbia
    555 Fourth Street, NW
    Washington, DC  20530

    William Barr
    Attorney General of the United States
    950 Pennsylvania Ave., NW
    Washington, DC  20530-0001

    U.S. General Services Administration
    1800 F Street, NW
    Washington, DC  20405

      Defendant.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF
(Freedom of Information Act)

For its Complaint against the United States General Services Administration ("GSA"),

Plaintiff alleges as follows:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enjoin GSA from improperly withholding agency records and to order the production of all improperly withheld agency records.

2.      The records are responsive to Plaintiff's FOIA Request submitted to GSA via Federal Express on January 15, 2019, and received by the agency on January 18, 2019.

3.      GSA has failed to produce responsive records.

## Parties

4.      Plaintiff S.P. Plaza, LC is a Texas corporation with its principal place of business at 5219 McPherson Road, Suite 300, Laredo, Texas 78041.

5.      GSA is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

## Jurisdiction and Venue

6.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## Background

8.      On January 15, 2019, Plaintiff submitted its FOIA Request to GSA via Federal Express.  A true and correct copy of the FOIA Request ("Request") is attached as Exhibit 1.

9.      In an email dated January 18, 2019, GSA acknowledged receipt of the Request, stating that the Request was submitted on January 18, 2019, and identified the request as GSA-2019-000523.  A true and correct copy of the January 18, 2019 response is attached as Exhibit 2.

10.     On February 27, 2019, GSA sent a letter to Plaintiff's counsel regarding several of the items in Plaintiff's Request.  The letter provided an approximate amount of email data for

review, the fee rates for processing FOIA requests, and asked whether Plaintiff "would like to narrow the scope of [its] FOIA request." A true and correct copy of the February 27, 2019 response is attached as Exhibit 3.

11. On March 12, 2019, Plaintiff sent to GSA via facsimile and Federal Express a response to the agency's February 27, 2019 letter. A true and correct copy of the March 12, 2019 response is attached as Exhibit 4.

12. In its March 12, 2019 response, Plaintiff addressed GSA's statements regarding processing fees. In particular, Plaintiff stated that "GSA is prohibited from charging any such fees under the OPEN Government Act of 2007." Exhibit 4. Plaintiff further explained that "GSA's 20-day statutory time period ran on February 15, 2019." *Id.* Plaintiff noted that "[e]ven if GSA's 20-day statutory time period ran from January 25, 2019, the date that Government appropriations were restored, the statutory time period ran on February 25, 2019. As such, GSA did not comply with the time limitations under FOIA and may not assess such processing fees. *See* 5 U.S.C. § 552(a)(4)(A)(viii); *see also Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31, 38 (D.D.C. 2011)." *Id.*

13. Plaintiff explained that although it "is not required to pay any fees, it will prioritize certain employees' records and keywords within items 5 through 16 of the Request to expedite processing." *Id.* Plaintiff provided the priority requests for initial processing, and noted that it was "in no way withdrawing its other requests and reserve[d] the right to request such records after this initial processing." *Id.* Finally, Plaintiff stated that "items 1 through 4 in the Request are not altered in any way and remain priority items." *Id.*

14. GSA has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## **COUNT I - FAILURE TO COMPLY WITH FOIA**

15. Plaintiff incorporates each of the foregoing paragraphs of this Complaint.

16. Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiff has a statutory right to access the requested agency records.

17. GSA has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

18. GSA has improperly withheld agency records responsive to Plaintiff's Request.

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a. Enjoin GSA from withholding the requested records and order GSA to produce those records to Plaintiff in accordance with FOIA, 5 U.S.C. § 552;

b. Expedite the proceedings in this action;

c. Award Plaintiff its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. Award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

May 7, 2019

/s/ Lisa Norrett Himes
Lisa Norrett Himes (DC Bar No. 464089)
Jeffery M. Chiow (DC Bar No. 989802)
Rogers Joseph O'Donnell, PC
875 15th Street, NW, Suite 725
Washington, DC  20005
Tel:  (202) 777-8950
Fax:  (202) 347-8429
lhimes@rjo.com
jchiow@rjo.com

*Attorneys for Plaintiffs*